Clyde EASON and Sammy Hatley *v.* Harold S. ERWIN, Circuit Judge

89-280                                     781 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered November 6, 1989

*Mike Everett,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jeffery A. Bell,* Deputy Att'y Gen. and *J. Denhammcclendon,* Asst. Att'y Gen.; and *Lohnes Tiner* and *Wm. R. Wilson,* for appellee.

PER CURIAM. The petitioners seek a writ of mandamus to compel the respondent Circuit Judge Harold S. Erwin to act on certain pending motions and set a case for trial. They are residents of Poinsett County, Arkansas, and have sued Kaneaster Hodges, a Newport attorney, in Jackson County Circuit Court on a promissory note alleging that Hodges owes them approximately $145,000. The suit was filed December 27, 1988.

The petitioners filed a motion for summary judgment on February 3, 1989, and according to their petition, the respondent instructed the parties to submit briefs within ten days, which was done. The respondent does not deny the motion is still pending.

The record reflects that the petitioners' attorney made two personal appearances before the court, one on May 24, 1989, and later on October 4, 1989, asking the court to rule on the motion and to set the matter for trial. There are other pending motions which the petitioners have asked the court to resolve.

They also moved for the judge to recuse, alleging that Kaneaster Hodges, former United States Senator, is a personal friend of the respondent and that he gave substantial political support to Judge Erwin when he opposed Judge Andrew Ponder in a contested judicial race, and contributed $1,050 to Judge Erwin's campaign.

The trial judge denied the motion to recuse, stating that he did not know until he was told in court how much Hodges contributed to his campaign. The judge said: "[Hodges] very seldom if ever practices before the Court. He may have been before me once on a default, but I can't say that. I can't remember it. He does not practice regular, he doesn't practice hardly at all in this Court because his practice is not that way. He's got a lot of practice elsewhere evidently . . . . It's not exactly correct that

there is a long-standing family friendship. His father and my father were not particularly good friends. His mother and my mother are, but not the other way. And I'm not particularly close friends with [him]."

Mr. Everett, one of the petitioners' counsel, said "everything I know of you personally is very good . . . I have talked to other attorneys . . . and I have heard indications that you would be fair in this case. . . ."

In denying the motion the judge stated:

> When I came on here, I recognized the problems that were here, at least the perceived problems that were here, so I am a little surprised at the motion. I can think of five people that are lawyers, maybe even seven to eight in . . . another county, that I consider myself closer friends, if you can call it that, which I don't call it that, than I am with Kaneaster Hodges. I can think of three lawyers who I felt like took a bigger risk, maybe even five, than Mr. Hodges in what they did in the campaign.
>
> . . .
>
> Until someone alleges some sort of bias on my part, gross decisions of the law, what-have-you, I'm not going to recuse.

The judge said that he set cases according to their age and that the petitioners' case would be set for trial as soon as it could be. He also indicated that he would rule on the motions before the end of October, 1989. He said he would not set the case for December but indicated he would in February or March of 1990.

█ A mandamus is not a writ of right but is within the discretion of the court, and the party applying for it must show a specific legal right and the absence of any other adequate remedy. *State* v. *Board of Directors of School Dist. of Ashdown*, 122 Ark. 337, 183 S.W. 747 (1916). It will not lie to control or review matters of judicial discretion, but only to compel the exercise of such discretion. *Rolfe* v. *Spybuck Drainage Dist. No. 1*, 101 Ark. 29, 140 S.W. 988 (1911).

█ Essentially, a trial judge controls his docket and the

disposition of motions filed. Any other practice would destroy the independence of the trial bench which is one of the trademarks of the American judicial system. But that does not mean a motion or case should be delayed beyond a time reasonably necessary to dispose of it. The Code of Judicial Conduct, Canon 3(A)(5), requires that a judge dispose promptly of court business. In this case there has been no clear showing that the trial judge has yet failed to perform his duty. It does disturb us however that the possibility of delay of a case for delay's sake is something the trial judge did not address. For example, during the hearing in May, 1987, it was argued that the attorneys for Hodges were trying to continue the case for delay purposes only. The court responded, "Well, what's wrong with that." It may be that the docket in Jackson County is congested and it would be unfair to set this case before other cases. It may also be that this is not an uncomplicated debt case. The attorneys for Hodges in a response filed, "vigorously deny" many of the petitioners' allegations. But counsel for Clyde Eason and Sam Hatley state under oath in their petition that:

> Before Plaintiffs' case was filed, Kaneaster Hodges met personally with both Plaintiffs and their attorney and recognized that he owed the money, but stated that he was in very bad financial position and needed time to work out the payment; he indicated that his income now was mostly derived from serving on the Board of Directors or Trustees of several institutions, including the University of Arkansas, Middle South Utilities, and others, and that a judgment entered against him might cause him to lose those positions.

They contend there is no meritorious defense to the action and Hodges is simply delaying the claim.

We will take the trial court at its word that the motions will be disposed of, if that is not already the case, and that the case will be set for trial early in 1990, absent compelling reasons.

█ Judges are required, more often than they like, to deal with similar sensitive situations. This is especially true of the small town or rural judge who must preside over cases involving people known quite well by the judge whom the judge sees frequently on a business or personal basis. A judge should not bolt

at every charge of bias; but neither should judges be insensitive to what others, who are not of our profession, might think of our conduct. Our code of conduct emphasizes the appearance of propriety as well as propriety itself.

In this case we have a prominent local lawyer who was a political supporter of the judge. It has also been alleged he is a close friend. While the judge and the attorneys for the defendant vigorously deny any bias, we do have a debt case based on a promissory note which has been pending for some time. A motion for summary judgment has been pending seven months. Several requests for a trial setting have been denied.

Under these circumstances and in view of the sworn pleadings filed by the petitioners' lawyer, one would have to concede that the trial judge needs to do something to demonstrate his objectivity. The best way to demonstrate that objectivity is to promptly attend to the matter.

Writ denied.

DUDLEY, J., not participating.

GLAZE, J., would grant mandamus.