Larry LADWIG *v.* Honorable Fred DAVIS, Judge

CR 98-350                                         10 S.W.3d 461

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*Appellant,* pro se.

No response.

PER CURIAM. In 1998, Larry Ladwig filed a petition for writ of mandamus in this court contending that the Honorable Fred Davis, Circuit Judge, had failed to act within a reasona-

ble time on a petition for postconviction relief pursuant to Criminal Procedure Rule 37 that had been filed in 1997.

Shortly thereafter, Judge Davis entered an order declaring Ladwig indigent and appointing counsel to represent him in the Rule 37 proceeding. The attorney was relieved in November 1998, and a second attorney was appointed. The second attorney was relieved in May 1999, and a third attorney was appointed for Ladwig. A hearing was set for September 2, 1999, on the Rule 37 petition.

When no order had been entered on the Rule 37 petition by November 2, 1999, one of our staff attorneys wrote to Judge Davis to ascertain the status of the matter. There was no response to the letter, and the staff attorney wrote to Judge Davis again on November 16, 1999. There was also no response to that letter, and Judge Davis's office was contacted by telephone on December 8, 1999.

Judge Davis's case coordinator said at that time that the hearing had indeed been held on September 2, 1999, and that the hearing record had been prepared and a ruling would be entered by January 1, 2000. On January 10, 2000, a second call was placed to Judge Davis's office at which time the case coordinator said the order was being prepared and would likely be entered by February 4, 2000. (The compliance report filed by Judge Davis with the Administrative Office of the Courts for the period since the Rule 37 hearing indicated that the ruling would be entered by January 31, 2000.) On February 10, 2000, our staff attorney contacted the circuit clerk who reported that the *Ladwig* order had still not been entered.

■ ■ While we have consistently recognized that the independence of the bench in our judicial system requires that the trial judge control his docket and the disposition of matters filed, this is not to say that a motion or case should be delayed beyond a time reasonably necessary to dispose of it. *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989). The Code of Judicial Conduct, Canon 3(B)(8), requires that a judge dispose of all judicial matters promptly. As Judge Davis has not responded to letters inquiring about the *Ladwig* petition, we must conclude that there is no good cause to justify the delay in ruling on the Rule 37 petition. The writ of mandamus is granted. We direct that Judge Davis enter a order on

Ladwig's Rule 37 petition within seven days of the date of this decision.

Petition granted.