Walter URQUHART *v.* The Honorable Fred DAVIS, Judge

00-282                                    19 S.W.3d 21

Supreme Court of Arkansas
Opinion delivered June 15, 2000

*Petitioner*, pro se.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

PER CURIAM. On March 7, 2000, Walter Urquhart filed a petition for writ of mandamus in this court contending that the Honorable Fred Davis, Circuit Judge, had failed to act within a reasonable time on a *pro se* petition for declaratory judgment that was filed in his court on April 2, 1999. On the day the mandamus action was filed here, one of our staff attorneys wrote to Judge Davis to ascertain the status of the petition for declaratory judgment. There was no response to the letter. On March 16, 2000, the Attorney General responded to the mandamus action, urging that the petition be denied because there was no clear showing that the respondent had failed to perform his duty. The compliance reports filed by Judge Davis with the Administrative Office of the Courts for the periods since the petition for declaratory judgment was filed make no mention of the *Urquhart* petition.

On April 20, 2000, our staff attorney again wrote to Judge Davis inquiring about the status of the petition for declaratory judgment. When there was no response to the letter, the staff attorney again wrote to Judge Davis on May 11, 2000. There was also no response to that letter, and Judge Davis's office was contacted by telephone on June 1, 2000. Judge Davis's case coordinator said at that time that a ruling would likely be entered on June 2, 2000, and a copy would be mailed to this court. The order was not received, and on June 7, 2000, our staff attorney left a message with Judge Davis's office asking that a filemarked copy of the order be faxed here. There has been no response to the message. On June 9, 2000, our staff attorney contacted the circuit clerk who reported that the *Urquhart* order had still not been entered.

While we have consistently recognized that the independence of the bench in our judicial system requires that the trial judge control his docket and the disposition of matters filed, this is not to say that a matter should be delayed beyond a time reasonably necessary to dispose of it. *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989). The Code of Judicial Conduct, Canon 3(B)(8), requires that a judge dispose of all judicial matters promptly. As Judge Davis has not responded to letters inquiring about the *Urquhart* petition and has not reported its pending status to the Administrative Office of the Courts and the response filed by the Attorney General does

not explain the reason for the delay in acting on the petition, we must conclude that there is no good cause to justify the delay in ruling on the petition for declaratory judgment.

The writ of mandamus is granted. We direct that Judge Davis enter a order on Urquhart's petition for declaratory judgment within seven days of the date of this decision.

A copy of this opinion will be forwarded to the Arkansas Judicial Disability and Discipline Commission.

Petition granted.