Androus HALL *v.* The Honorable L.T. SIMES, Judge

CR 00-465                                    85 S.W.3d 509

Supreme Court of Arkansas
Opinion delivered September 25, 2002

*Pro Se* Petition for Writ of Mandamus; granted.

*Petitioner, pro se.*

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.

P ER CURIAM. On April 18, 2000, Androus Hall filed a petition for writ of mandamus in this court contending that the Honorable L. T. Simes, Circuit Judge, had failed to act within a reasonable time on a *pro se* petition for postconviction relief pursuant to Criminal Procedure Rule 37 that was filed in his court on December 11, 1998. On April 20, 2000, Judge Simes was contacted by mail to ascertain the status of the Rule 37 petition. There was no response to the letter, and no response to the mandamus action was filed by the Attorney General. The compliance reports filed by Judge Simes with the Administrative Office of the Courts for the periods since the Rule 37 petition was filed made no mention of the *Hall* petition until the report filed in January 2002. The compliance reports since that time have not mentioned the *Hall* petition, but instead have reported no cases under submission for over ninety days. It is thus not clear whether Judge Simes considers the *Hall* matter to be "under submission."

On July 11, 2000, Judge Simes was contacted by mail again about the status of the Rule 37 petition. On August 11, 2000, a copy of an order entered by Judge Simes was received stating that the Rule 37 petition had been set for hearing on November 17, 2000. On December 12, 2000, Judge Simes was contacted by mail inquiring as to status of the matter and responded by return letter that an attorney had been appointed to represent petitioner Hall and that "this matter is now moving forward." On January 3, 2001, a copy of an order entered December 21, 2000, was received which provided that a second hearing would be scheduled so that Hall's attorney would have time to acquire the necessary transcripts and research the case.

On January 5, 2001, a letter was received from the attorney appointed to represent Hall in which counsel said that he was unable to locate a Rule 37 petition filed in 1998 in the court's file but

there was an amended Rule 37 petition filed April 7, 1999, and other pleadings filed by Hall after that date pertaining to the Rule 37 proceeding. On March 20, 2001, Judge Simes was contacted by mail regarding the status of the Rule 37 proceeding. On April 24, 2001, Judge Simes forwarded a copy of an order relieving counsel of responsibility for representing Hall.

On May 9, 2001, a letter was received from Judge Simes stating that he allowed counsel to withdraw because counsel was associated with the public defender and thus could not receive payment for his services as counsel. Judge Simes also expressed concern for whether payment for legal services could be paid to a private attorney if one was appointed to represent Hall. He said that he would immediately communicate with the Administrative Office of the Courts and seek input on whether a private attorney could be paid and that he would keep this court and the Office of the Attorney General informed on the status of the Rule 37 proceeding. On October 11, 2001, a deputy attorney general reported that he had contacted Judge Simes's office by telephone and urged prompt action on the pending Rule 37 matter. No further communication was received from Judge Simes, and on October 26, 2001, Judge Simes's office was contacted by telephone regarding the matter. The case coordinator for Judge Simes said that an order would likely be entered that day and forwarded here. On October 30, 2001, the telephone call was confirmed with a certified letter asking that the final order be forwarded here. There was no response to the letter, and on November 7 and 9, 2001, messages were left on the court's answering machine requesting the order. No response to the messages was received, and the circuit clerk reported on November 13, 2001, that the *Hall* order had not been entered. On November 20, 2001, Judge Simes entered an order setting the Rule 37 petition for hearing on December 3, 2001. On December 17, 2001, a letter was sent requesting a copy of the final order if one had been entered. There was no response to the letter, but on January 17, 2002, an order was entered setting the Rule 37 petition for hearing on May 24, 2002. On July 16, 2002, inquiry was made again to Judge Simes on whether the final order had been entered. There was no

response to that letter and no response to another letter written August 26, 2002.[1]

■ While we have consistently recognized that the independence of the bench in our judicial system requires that the trial judge control his docket and the disposition of matters filed, this is not to say that a matter should be delayed beyond a time reasonably necessary to dispose of it. *Urquhart v. Davis*, 341 Ark. 653, 19 S.W.3d 21 (2000); *Eason v. Erwin*, 300 Ark. 384, 7810 S.W.2d 1 (1989). The Code of Judicial Conduct, Canon 3 (B)(8), requires that a judge dispose of all judicial matters promptly. As Judge Simes has not entered a final order in the *Hall* matter, which has been pending since December 11, 1998, and has not consistently reported its pending status to the Administrative Office of the Courts, and the Attorney General has not explained the reason for the delay in acting, we must conclude that there is no good cause to justify the delay in ruling on the Rule 37 proceeding instituted by Hall in the Circuit Court of Phillips County.

■ The petition for writ of mandamus is granted. We direct that Judge Simes enter a order on Hall's Rule 37 pleadings within seven days of the date of this decision.

A copy of this opinion will be forwarded to the Arkansas Judicial Discipline and Disability Commission.

Petition granted.

---

[1] Upon contacting the circuit clerk, it was determined that an order had been entered June 10, 2002, stating that the *Hall* case and six others were being continued from the May term of court until September 16, 2002, as a result of extraordinary docket congestion.