Roberto Daco CABRAL *v.*
Hon. Tom KEITH, Circuit Judge

CR 05-1155

220 S.W.3d 683

Supreme Court of Arkansas
Opinion delivered December 15, 2005

*Petitioner*, pro se.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.

P ER CURIAM. On October 24, 2005, Roberto Daco Cabral filed a *pro se* petition for writ of mandamus in this court contending that the Honorable Tom Keith, Circuit Judge, had failed to act in a timely manner on his *pro se* petition for postconviction relief pursuant to Criminal Procedure Rule 37.1 filed in the Circuit Court of Benton County on April 7, 2003. On October 27, 2005, Judge Keith entered an order disposing of the Rule 37.1 petition.

As there was no response filed to the mandamus petition and no mention in the order of the thirty-month delay in ruling on the Rule 37.1 petition, it was not evident what circumstances caused the lengthy delay. Accordingly, we directed the respondent to file a response explaining the reasons for the delay. *Cabral v. Keith*, CR 05-1155 (Ark. Nov. 10, 2005) (*per curiam*). The response is now before us.[1]

The respondent concedes that there was no good cause for the lengthy delay in the disposition of petitioner's Rule 37.1 petition. Respondent explains that the delay resulted from faulty internal procedures for processing such petitions and assures this court that those internal procedures have been strengthened to avoid a recurrence of the problems that caused the delay.

As petitioner has acted on the Rule 37.1 petition and has taken steps to ensure a more expeditious resolution of such petitions, we declare the petition for writ of mandamus to be moot. As we have said before when there was an unwarranted delay in a court's acting on a pleading, we urge all judicial districts to develop a system whereby judges are promptly made aware of filings in their courts. *See McCoy v. Phillips*, 357 Ark. 368, 166 S.W.3d 564 (2004) (*per curiam*). Those procedures should be monitored closely by the courts to prevent unnecessary delays that hamper the administration of justice.

Petition moot.

---

[1] The response is labeled "supplemental response," but it is the sole response filed to the mandamus petition.