Arnell WILLIS *v.* Jack CRUMBLY,
St. Francis County Election Commission, Frederick Freeman, Chair,
Maceo Hawkins and Chris Oswalt

07-572                                                    259 S.W.3d 417

Supreme Court of Arkansas
Opinion delivered June 21, 2007

*Easely and Houseal,* by: *B. Michael Easely,* for appellant.

*E. Dion Wilson,* for appellee Jack Crumbly.

*Fletcher Long, Jr.,* for appellee St. Francis County Election Commission.

Per Curiam. Arnell Willis tendered a record in this case on May 25, 2007; however, the record was rejected by the clerk of this court due to the lack of a final order. The same day, Willis filed in this court a petition for writ of mandamus seeking to compel the circuit court to enter a final order.

Defendants moved for a directed verdict at the close of plaintiff's case in the trial of this matter on December 8, 2006. The motion was granted, and the circuit court directed defendants' counsel to prepare a written order. Willis alleges that thereafter the following events occurred. On January 4, 2007, counsel for the Election Commission mailed a proposed order to the circuit court, but, the court did not respond. On March 26, 2007, counsel for Willis mailed a proposed order. Opposing counsel took exception to the wording, and Willis's counsel mailed a new version to the circuit court on March 28, 2007. Again the circuit court did not respond to either order. On April 19, 2007, counsel for Willis sent a letter to the circuit court advising the court that time was of the essence and that the record had been tendered to this court. On April 30, 2007, counsel for Willis delivered a copy of the transcript to the circuit court and requested that the court read the transcript and sign the order. The circuit court did not respond. Counsel for Willis next spoke with the circuit court's case coordinator on May 16, 2007, and asked that the court be reminded of the necessity of entering an order. Willis's counsel then attempted to contact the circuit court on the status of the order on May 22, 2007, by phone. No one answered his call, and he left a message on the phone recorder. Willis's counsel experienced the same lack of response on May 23, 2007, when he called to apprise the circuit court that proceedings were about to be initiated in this court.

On May 25, 2007, counsel for Willis filed the Petition for Writ of Mandamus, or, for Rule on the Clerk. The petition was served on the circuit court by mail. On May 29, 2007, the circuit court entered an order showing a signature date of December 6, 2006. As already noted, the defendants' motion for directed verdict was granted in court on December 8, 2006. Administrative Order 2(b)(2) provides that an "order is entered when so stamped or marked by the clerk." In this case, the order was not entered until filed on May 29, 2007. *See, e.g., West v. Williams,* 355 Ark. 148, 133 S.W.3d 388 (2003).

Willis complains that the circuit court failed to promptly issue a final order. Under Canon 3B(8) of the Arkansas Code of Judicial Conduct, a judge "shall dispose of all judicial

matters promptly, efficiently and fairly." We have consistently recognized that the independence of the bench in our judicial system requires that the trial judge control his or her docket and the disposition of matters filed. *Hall v. Simes,* 350 Ark. 194, 85 S.W.3d 509 (2002); *Urquhart v. Davis,* 341 Ark. 653, 19 S.W.3d 21 (2000); *Eason v. Erwin,* 300 Ark. 384, 781 S.W.2d 1 (1989). However, this does not mean that a matter may be delayed beyond a time reasonably necessary to dispose of it. *Hall, supra.* We are concerned with the circuit court's apparent failure to promptly issue a final order and to respond to counsels' requests. This delay is especially a concern because this is an election case which was to be expedited for a prompt decision. In addition, we take note that the judge submitted his quarterly report of cases under submission required under Administrative Order No. 3.[1] But he entered "none" which reflected he had no case pending or undecided when in fact the instant election case had been decided but not properly entered as required by Administrative Order No. 3. Accordingly, we will forward a copy of this opinion to the Arkansas Judicial Disability and Discipline Commission for its consideration.

Even though a final order has now been entered in the circuit court, and has now been made part of the record in this court, Willis has not withdrawn his petition and motion. Because the order sought in the petition for writ of mandamus has been entered below, and is now included in the record, both the petition and motion for rule on clerk are moot. The appeal may proceed.

---

[1] We note that pursuant to this court's Administrative Order No. 3, judges of the circuit courts must submit quarterly reports to the Administrative Office of the Courts listing any cases that have been under advisement for more than ninety days. In this case, ninety days ran on March 8, 2007, and the order was not entered until May 29, 2007. Administrative Order No. 3(2)(C) provides that "[w]illful noncompliance with the provisions of the order shall constitute grounds for discipline under the provisions of Canon 3B(8) of the Arkansas Code of Judicial Conduct."