

# SUPREME COURT OF ARKANSAS

**No.** CR-14-132

| | | |
|---|---|---|
| JAMES E. MCNICHOLS | PETITIONER | **Opinion Delivered** March 20, 2014 |
| v. | | PRO SE PETITION FOR WRIT OF MANDAMUS [LONOKE COUNTY CIRCUIT COURT, NO. 43CR-07-238] |
| HONORABLE BARBARA ELMORE, CIRCUIT JUDGE | RESPONDENT | PETITION MOOT. |

**PER CURIAM**

Now before us is a pro se petition for writ of mandamus filed by petitioner James E. McNichols. In 2013, petitioner's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007) was dismissed in the Lonoke County Circuit Court. On October 2, 2013, petitioner filed a motion for reconsideration. On February 11, 2014, petitioner filed in this court the instant petition seeking a writ compelling Circuit Judge Barbara Elmore to act on the motion for reconsideration. Judge Elmore timely filed a response to the petition to which was appended a copy of her order, entered February 19, 2014, disposing of the motion.

As the motion that was the subject of the mandamus action has been acted on by the respondent, the mandamus action is now moot. *Glaze v. Reynolds*, 2013 Ark. 43 (per curiam); *McCoy v. Pope*, 2010 Ark. 183 (per curiam). Even though the respondent has acted on the motion that was the subject of the mandamus action, rendering it moot, we note that Judge Elmore in her response states that she was unaware that the motion for reconsideration had been filed because she did not receive a copy of it. In the order, Judge Elmore also notes that she would have acted on the motion earlier but petitioner failed to provide her with a copy of it. However,

this court has specifically said that lack of service is not in itself good cause for delay in disposing of a pleading on the court's docket. *See Paige v. Reynolds*, 2013 Ark. 73 (per curiam). This is true for *all* filings, including Rule 37.1 petitions where a petitioner may have an obligation to comply with notification rules in order to obtain relief under the Rule. *Paige*, 2013 Ark. 73.

As we have made clear in prior opinions, the prompt resolution of all matters before a court is vital to the administration of justice. *Paige*, 2013 Ark. 73; *Nelson v. Glover*, 2012 Ark. 307 (per curiam); *Higgins v. Proctor*, 2009 Ark. 496 (per curiam). In order for the courts to comply with this judicial obligation, a system must be in place in every judicial district whereby each judge is made fully aware of all filings on his or her docket. *Paige*, 2013 Ark. 73; *Goodwin v. Keaton*, 2012 Ark. 137 (per curiam). We take this opportunity to again urge all judicial districts to ensure that the district has a plan whereby judges are promptly informed of all filings in their courts. *See Nelson*, 2012 Ark. 307; *see also Cabral v. Keith*, 364 Ark. 456, 220 S.W.3d 683 (2005); *McCoy v. Phillips,* 357 Ark. 368, 166 S.W.3d 564 (2004) (per curiam).

Petition moot.

*James E. McNichols*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.