SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CR-14-605

GAVINO MAZUREK

PETITIONER

V.

HONORABLE CHRISTOPHER PIAZZA,
CIRCUIT JUDGE

RESPONDENT

Opinion Delivered September 4, 2014

PRO SE PETITION FOR WRIT OF
MANDAMUS
[PULASKI COUNTY CIRCUIT COURT,
NO. 60CR-06-2376]

PETITION MOOT IN PART AND
DENIED IN PART.

## PER CURIAM

Now before us is a pro se petition for writ of mandamus filed by petitioner Gavino
Mazurek. On February 11, 2014, petitioner's petition for postconviction relief pursuant to
Arkansas Rule of Criminal Procedure 37.1 (2007) was denied in the Pulaski County Circuit
Court. On February 26, 2014, petitioner filed in the circuit court a motion for modification of
the order. On July 9, 2014, petitioner filed in this court the instant petition seeking a writ
compelling Circuit Judge Christopher Piazza to act on the motion for modification of order and
other relief. Judge Piazza timely filed a response to the petition to which was appended a copy
of his order, entered July 14, 2014, disposing of the motion.

As the motion that was the subject of the mandamus action has been acted on by the
respondent, the mandamus action is now moot with respect to the request that the respondent
be directed to enter a ruling on it. *Glaze v. Reynolds*, 2013 Ark. 43 (per curiam); *McCoy v. Pope*,
2010 Ark. 183 (per curiam). Even though the respondent has acted on the motion that was the
subject of the mandamus action, rendering it moot, we note that Judge Piazza in the response

to the mandamus petition states that he was unaware that the motion had been filed because he did not receive a copy of it from petitioner. However, this court has specifically said that lack of service is not in itself good cause for delay in disposing of a pleading on the court's docket. *See McNichols v. Elmore*, 2014 Ark. 133 (per curiam); *see also Paige v. Reynolds*, 2013 Ark. 73 (per curiam). This is true for *all* filings including Rule 37.1 petitions where a petitioner may have an obligation to comply with notification rules in order to obtain relief under the Rule. *McNichols*, 2014 Ark. 133; *Paige*, 2013 Ark. 73.

As we have made clear in prior opinions, the prompt resolution of all matters before a court is vital to the administration of justice. *McNichols*, 2014 Ark. 133; *Paige*, 2013 Ark. 73; *Nelson v. Glover*, 2012 Ark. 307 (per curiam); *Higgins v. Proctor*, 2009 Ark. 496 (per curiam). In order for the courts to comply with this judicial obligation, a system must be in place in every judicial district whereby each judge is made fully aware of all filings on his or her docket. *McNichols*, 2014 Ark. 133; *Paige*, 2013 Ark. 73; *Goodwin v. Keaton*, 2012 Ark. 137 (per curiam). We take this opportunity to again urge all judicial districts to ensure that the district has a plan whereby judges are promptly informed of all filings in their courts. *See Nelson*, 2012 Ark. 307; *see also Cabral v. Keith*, 364 Ark. 456, 220 S.W.3d 683 (2005); *McCoy v. Phillips*, 357 Ark. 368, 166 S.W.3d 564 (2004) (per curiam).

In his prayer for relief, petitioner also asks that this court order the respondent to "pay costs of the prosecution of this action" on the ground that the respondent did not conform to the requirements of Rule 37 in the original order and to order the trial court to correct the order. The request is denied. It is not clear what costs, if any, were associated with this mandamus

proceeding, but, if there were costs in some form, petitioner has presented nothing to demonstrate that he is entitled to those costs from the respondent.

As for petitioner's request that this court require respondent to correct the original order, petitioner's remedy for any claim that there was error in the order was not by a mandamus action filed with this court. Petitioner here filed a motion for a ruling on issues not covered by the Rule 37.1 order, which is the proper remedy available to a petitioner when he believes that the order does not address all issues raised. A mandamus action is not an alternative to proceeding with such a motion.

Petition moot in part and denied in part.

*Gavino Mazurek*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.