Cite as 2015 Ark. 9

# SUPREME COURT OF ARKANSAS

No. CR-14-991

| | |
|---|---|
| RAYMOND D. LEACH III<br><br>PETITIONER<br><br>V.<br><br>HONORABLE J.W. LOONEY, CIRCUIT JUDGE<br><br>RESPONDENT | Opinion Delivered January 15, 2015<br><br>PRO SE PETITION FOR WRIT OF MANDAMUS<br>[POLK COUNTY CIRCUIT COURT, NO. 57CR-09-95]<br><br><br>PETITION MOOT. |

## PER CURIAM

Now before us is a pro se petition for writ of mandamus filed by petitioner Raymond D. Leach III. On July 9, 2012, petitioner filed in the Polk County Circuit Court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). In the mandamus petition, petitioner seeks to have Circuit Judge J.W. Looney enter a final order on the Rule 37.1 petition.

Judge Looney timely filed a response to the petition to which was appended a copy of a letter order, entered October 3, 2012, expressing that the petition was without merit and directing the prosecuting attorney to prepare a final order denying relief. Respondent states that he was unaware that the final order was never drafted and entered until this mandamus action was filed. Respondent appended to the response a copy of the final order that was subsequently entered on November 25, 2014, denying the Rule 37.1 petition.

As the Rule 37.1 petition that is the subject of the mandamus action has been acted on by the respondent, the mandamus action is now moot with respect to the request that the respondent be directed to enter a final order on it. *See Glaze v. Reynolds*, 2013 Ark. 43 (per

SLIP OPINION

curiam); *McCoy v. Pope*, 2010 Ark. 183 (per curiam).  Even though the respondent has acted on the petition that is the subject of the mandamus action, rendering it moot, we take this opportunity to note that the prompt resolution of all matters before a court is vital to the administration of justice.  *McNichols v. Elmore*, 2014 Ark. 133 (per curiam); *Paige v. Reynolds*, 2013 Ark. 73 (per curiam); *Nelson v. Glover*, 2012 Ark. 307 (per curiam); *Higgins v. Proctor*, 2009 Ark. 496 (per curiam).

In order for the courts to comply with this judicial obligation, a system must be in place in every judicial district whereby each judge is made fully aware of the status of his or her docket. *See McNichols*, 2014 Ark. 133; *see also Paige*, 2013 Ark. 73; *Goodwin v. Keaton*, 2012 Ark. 137 (per curiam).  We urge all judicial districts to ensure that the district has a plan whereby judges are aware of the state of the docket for all cases in their courts. *See Nelson*, 2012 Ark. 307.

Petition moot.

*Raymond D. Leach III*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.