SLIP OPINION

Cite as 2015 Ark. 172

# SUPREME COURT OF ARKANSAS

No. CR-15-161

| | |
|---|---|
| DANIEL PEDRAZA<br>PETITIONER<br><br>V.<br><br>HONORABLE SAM POPE, JUDGE<br>RESPONDENT | **Opinion Delivered** April 16, 2015<br><br>PRO SE PETITION FOR WRIT OF MANDAMUS<br>[DREW COUNTY CIRCUIT COURT NO. 22CR-12-37]<br><br><br>PETITION DENIED. |

## PER CURIAM

Petitioner Daniel Pedraza filed a pro se petition for writ of mandamus in this court in which he alleges that the Honorable Sam Pope, Circuit Judge, has failed to timely provide a ruling on a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that petitioner filed in the Drew County Circuit Court on August 13, 2014. In the mandamus petition, petitioner requests an order directing the judge to rule on his Rule 37.1 petition, which challenged petitioner's guilty plea entered in Drew County to first-degree murder and his subsequent sentencing by a jury to life imprisonment. On appeal, this court affirmed the sentencing order. *Pedraza v. State*, 2014 Ark. 298, 438 S.W.3d 226.

Judge Pope has filed a response to the mandamus petition. Both parties agree that the Rule 37.1 petition was reassigned to Judge Pope on September 17, 2014, after the judge originally assigned recused. Judge Pope contends that he has not had sufficient time to review the trial transcript to determine whether a hearing is required or whether counsel should be

appointed.[1]  The respondent further asserts that the matter will not have finally been submitted for a decision until these initial questions can be resolved.

Petitioner was initially charged with capital murder, and he entered his negotiated plea to first-degree murder after voir dire had been completed and the jury selected for trial.  As the response indicates, sentencing required a two-day hearing, and the record in this court for the sentencing proceedings was 2259 pages.

A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and, when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Mason v. Hobbs*, 2015 Ark. 20, ___ S.W.3d ___ (per curiam). A writ of mandamus will not lie to control or review matters of discretion. *Id.*

It is crucial to our judicial system that trial courts retain the discretion to control their dockets, and the independence of the bench in our judicial system requires that the trial judge control his docket and the disposition of matters filed.  *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989).  Nevertheless, a judge is required to dispose of all judicial matters promptly, and where there has been no good cause shown to justify a delay in ruling on a Rule 37.1 petition, a writ of mandamus is granted.  *Ladwig v. Davis*, 340 Ark. 415, 10 S.W.3d 461 (2000) (per curiam).  Where a respondent judge did not provide an explanation for delay in acting on a pleading, this court has granted the writ.  *Urquhart v. Davis*, 341 Ark. 653, 19 S.W.3d 21 (2000) (per curiam).

Judge Pope has in this case stated good cause for the delay so far, in that, not having presided over the proceedings previously, he requires some time to familiarize himself with the

---

[1]The Rule 37.1 petition included a request that counsel be appointed for the proceedings.

SLIP OPINION

transcript and the record of those proceedings. A matter relating to the incarceration of a prisoner, by its nature, is one that should be given priority, and petitioner is entitled to a prompt ruling on his rule 37.1 petition even though adequate time to review voluminous records may be essential to fairly evaluate the issues. We accordingly deny the petition for writ of mandamus, yet urge the court to promptly attend to the matter and dispose of the Rule 37.1 petition appropriately.

Petition denied.

*Daniel Pedraza*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.