SLIP OPINION

Cite as 2015 Ark. 199

# SUPREME COURT OF ARKANSAS

No. CR-15-246

| | |
|---|---|
| ROY LEE RUSSELL<br>　　　　　　　　　PETITIONER<br><br>V.<br><br><br>HONORABLE  SAM POPE, JUDGE<br>　　　　　　　　　RESPONDENT | **Opinion Delivered** May 7, 2015<br><br>PRO SE PETITION FOR WRIT OF<br>MANDAMUS<br>[DESHA COUNTY CIRCUIT COURT<br>NO. 21CR-12-10]<br><br><br><br>PETITION DENIED. |

**PER CURIAM**

Roy Lee Russell filed a pro se petition for writ of mandamus in this court in which he alleges that the Honorable Sam Pope, Circuit Judge, has failed to timely provide a ruling on a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that Russell filed in Desha County Circuit Court on September 11, 2014.  The circuit court previously denied the petition for lack of jurisdiction, but, on December 11, 2014, this court reversed and remanded because the order did not provide a basis for the circuit court's finding that it did not have jurisdiction to consider the merits of the petition, and the petition appeared both timely and verified.  *Russell v. State*, 2014 Ark. 530 (per curiam).

In the mandamus petition, Russell requests an order directing Judge Pope to rule on the Rule 37.1 petition.  Russell appears to contend that the court has had sufficient time to summarily dispose of the petition under Criminal Procedure Rule 37.3(a), and he alleges that he is entitled to a hearing on the petition and other relief requested in the Rule 37.1 petition.  Judge Pope filed a response to the mandamus petition stating that the Rule 37.1 petition is currently

SLIP OPINION

under consideration and that his review of the trial transcript has not yet been completed. Judge Pope asserts that, in light of the period of time that has passed since this court's order, he has not failed to perform his duty to provide a ruling on the petition.

The primary function of the writ of mandamus is to require an inferior court or tribunal to act when it has improperly failed or declined to do so, and the writ is not applied to control the discretion of a trial court or tribunal or to correct an erroneous exercise of discretion. *Thornton v. Jones*, 2015 Ark. 109 (per curiam). The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Id.* A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.*

Issuance of the writ is appropriate only where the duty to be compelled is ministerial and not discretionary. *Brown v. Gibson*, 2012 Ark. 285, 423 S.W.3d 34 (per curiam). A court does have a ministerial duty to timely act upon pleadings filed in that court, regardless of the merit of those pleadings. *Id.* A petitioner may not, however, seek to compel any particular ruling through mandamus. *Wells v. Laser*, 2010 Ark. 142 (per curiam). An applicant for the writ carries the burden to demonstrate that the relief he seeks is merited. *Brown*, 2012 Ark. 285, 423 S.W.3d 34.

To the extent that Russell seeks to compel Judge Pope to grant a hearing on the petition or order any other particular remedy, the duty is a discretionary one and not ministerial. To the extent that Russell would have this court compel Judge Pope to simply perform his ministerial

SLIP OPINION

duty to provide a timely ruling on the Rule 37.1 petition, Russell has not met his burden to show that relief is merited at this time.

Russell's Rule 37.1 petition challenged his convictions for second-degree battery and felon in possession of a firearm. Russell had also been charged with and acquitted of three counts of kidnapping, one count of aggravated assault, and three counts of rape. The Arkansas Court of Appeals affirmed the judgment. *Russell v. State*, 2014 Ark. App. 357. The record lodged in that appeal was eight volumes consisting of 787 pages. Because Judge Pope indicates that he is considering the merits of the petition and reviewing an extensive record, Russell has not shown that the judge has failed to discharge his ministerial duty to provide a timely ruling on the Rule 37.1 petition.

It is crucial to our judicial system that trial courts retain the discretion to control their dockets, and the independence of the bench in our judicial system requires that the trial court control its docket and the disposition of matters filed. *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989). Nevertheless, a judge is required to dispose of all judicial matters promptly, and where there has been no good cause shown to justify a delay in ruling on a Rule 37.1 petition, a writ of mandamus is granted. *Ladwig v. Davis*, 340 Ark. 415, 10 S.W.3d 461 (2000) (per curiam). Where a respondent judge did not provide an explanation for delay in acting on a pleading, this court has granted the writ. *Urquhart v. Davis*, 341 Ark. 653, 19 S.W.3d 21 (2000) (per curiam).

Judge Pope has in this case stated good cause for the delay so far. A matter relating to the incarceration of a prisoner, by its nature, is one that should be given priority, and Russell is entitled to a prompt ruling on his Rule 37.1 petition even though adequate time to review

voluminous records may be essential to fairly evaluate the issues. We accordingly deny the petition for writ of mandamus, yet urge the court to promptly attend to the matter and dispose of the Rule 37.1 petition appropriately.

Petition denied.

*Roy Lee Russell*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for respondent.