SLIP OPINION

Cite as 2015 Ark. 436

# SUPREME COURT OF ARKANSAS

No. CR-15-246

| | | |
|---|---|---|
| ROY LEE RUSSELL | | **Opinion Delivered** November 19, 2015 |
| | PETITIONER | |
| V. | | PRO SE SECOND PETITION FOR WRIT OF MANDAMUS [DESHA COUNTY CIRCUIT COURT NO. 21CR-12-10] |
| HONORABLE SAM POPE, CIRCUIT JUDGE | | |
| | RESPONDENT | |
| | | <u>PETITION MOOT</u>. |

**PER CURIAM**

Petitioner Roy Lee Russell requests this court, for the second time, to issue a writ of mandamus to compel the Honorable Sam Pope, Circuit Judge, to enter a final order addressing Russell's pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015) that Russell filed in the Desha County Circuit Court on September 11, 2014. Judge Pope has filed a response and an amended response to the petition. Russell's mandamus petition is now moot.

The circuit court initially denied Russell's Rule 37.1 petition for lack of jurisdiction. On December 11, 2014, this court reversed the order and remanded, holding that the order did not provide a basis for the circuit court's finding and that the petition appeared to be both timely and verified. *Russell v. State*, 2014 Ark. 530 (per curiam). On March 24, 2015, Russell filed his first pro se petition for writ of mandamus in this court alleging that the Honorable Sam Pope, Circuit Judge, had failed to timely provide a ruling on the Rule 37.1 petition. We denied the petition. *Russell v. Pope*, 2015 Ark. 199, 461 S.W.3d 681 (per curiam).

In his second mandamus petition, Russell contends that Judge Pope has failed to provide a timely ruling on the Rule 37.1 petition after this court had urged prompt attention to the matter. Judge Pope filed a response to the mandamus petition. He attached to the response an order that summarily disposed of some issues raised in the Rule 37.1 petition but that reserved other issues pending disposition in a final order; an order declining to grant a motion for modification of the first order; and a third order entered July 31, 2015, that directed amendment of Russell's Rule 37.1 petition to include certain medical records. Judge Pope asserted that because he must review the medical records that the Rule 37.1 petition was amended to include, he had not failed to perform his duty to provide a timely ruling on the petition.

After filing his initial response, Judge Pope filed an amended response. Judge Pope attached an October 1, 2015 order that dismissed the Rule 37.1 petition to his amended response. The October 1 order indicated that it was intended as a final order disposing of the Rule 37.1 petition. In the amended response, as in his initial response, Judge Pope urged this court to deny the petition.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty by a public official. *Veverka v. Gibson*, 2013 Ark. 59. When requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* A judge is required to dispose of all judicial matters promptly, and where there has been no good cause shown to justify a delay in ruling on a Rule 37.1 petition, a writ of mandamus is granted. *Ladwig v. Davis*, 340 Ark. 415, 10 S.W.3d 461 (2000) (per curiam).

In this instance, we need not determine whether Judge Pope has shown good cause for

the delay. The October 1, 2015 order attached to the amended response disposed of the matter. Because the petition that was the subject of the mandamus action has been acted on by the respondent, the mandamus action is now moot. *Leach v. Looney*, 2015 Ark. 9 (per curiam); *see also Todd v. Martin*, 2012 Ark. 367.

Petition moot.