Cite as 2024 Ark. 84

# SUPREME COURT OF ARKANSAS

**No.** CV–24–295

|  |  |
|---|---|
| ROBERT STEINBUCH, ESQ.; AND BEN MOTAL, ESQ., ON BEHALF OF THEMSELVES AND ALL PERSONS SIMILARLY SITUATED<br><br>PETITIONERS<br><br>V.<br><br>PULASKI COUNTY CIRCUIT COURT; ERIC HIGGINS, IN HIS OFFICIAL CAPACITY AS PULASKI COUNTY SHERIFF; AND BARRY HYDE, IN HIS OFFICIAL CAPACITY AS PULASKI COUNTY JUDGE<br><br>RESPONDENTS | **Opinion Delivered:** May 13, 2024<br><br>PETITIONERS' PETITION FOR A WRIT OF MANDAMUS, REQUEST FOR EXPEDITED CONSIDERATION, AND REQUEST FOR REMOVAL OF THE TRIAL JUDGE<br><br><br><br>ORDER. |

**PER CURIAM**

A petition for writ of mandamus, request for expedited consideration, and request for removal of the trial judge has been filed in this matter. In reviewing the petition, this court has determined it may be appropriate to exercise its superintending authority under Amendment 80, section 4 of the Arkansas Constitution. *E.g.*, *Parker v. Crow*, 2010 Ark. 371, at 5, 368 S.W.3d 902, 906 ("Superintending control is an extraordinary power that is hampered by no specific rules or means. By virtue of the jurisdiction, the court may invent, frame, and formulate new and additional means, writs, and processes.").

Without regard to the underlying merits of the claims, there appear to be grounds suggesting potential violations of the Arkansas Code of Judicial Conduct that might otherwise escape the jurisdiction of the Judicial Discipline and Disability Commission. As such, prior to issuing any discipline or sanctions, the court provides Judge Chip Welch notice that his order filed May 7, 2024, in case number 60CV-22-6976 may subject him to discipline by this court in exercising its superintending authority.

Potential violations include whether the Judge violated the following rules in the tone, language, and issuance of the order:

**Rule 1.2 Promoting Confidence in the Judiciary.**

A judge shall act at all times in a manner that promotes confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

**Rule 2.2 Impartiality and Fairness.**

(A) A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.

Comment:

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

**Rule 2.3 Bias, Prejudice, and Harassment.**

(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, or shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

Comment:

[2] Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; [and] attempted humor based upon stereotypes . . . .

Therefore, Judge Chip Welch is notified and provided an opportunity to be heard, if he chooses, on May 23, 2024, at 10:00 AM in the courtroom of the Supreme Court of Arkansas, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201. Although the dissent mentions that we have not afforded this to others, we believe extending an opportunity for due process and a hearing is prudent. If Judge Welch does not appear, the court will assume he has elected to not be heard on the matter. Judge Welch may elect to file a written response in lieu of an appearance; such a response, if any, must be filed by May 20, 2024, at 12:00 PM.

IT IS SO ORDERED.

KEMP, C.J., and HUDSON, J., dissent.

**COURTNEY RAE HUDSON, Justice, dissenting.** I respectfully disagree with the decision to grant expedited consideration of the petition for writ of mandamus. Petitioners have not demonstrated a need for emergency relief that warrants moving this matter to the front of the line ahead of all other parties with business before this court. While unfortunate, the circuit judge's alleged failure to comply with our mandate in the underlying case is not so extraordinary as to constitute an emergency. Furthermore, I am unclear as to the purpose of today's order. If we agree with petitioners that the circuit judge has violated our mandate, we should simply grant all or part of the relief they have requested.

Let me be clear, I do not condone the circuit judge's disrespectful tone or the language used in his order. In fact, I share my colleagues' discontent with the disparaging references. However, I question why our court has chosen to issue this order rather than to reprimand the judge in our ruling on the petition itself or to refer the judge to the Arkansas

Judicial Discipline and Disability Commission (JDDC) as we have done in other cases. *See, e.g.*, *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2023 Ark. 175, 678 S.W.3d 27 (admonishing circuit court for inappropriate comments and directing that the case be reassigned upon remand); *Willis v. Crumbly*, 370 Ark. 374, 259 S.W.3d 417 (2007) (expressing concern about circuit judge's conduct and forwarding copy of this court's opinion to JDDC); *Weaver v. City of W. Helena*, 367 Ark. 159, 238 S.W.3d 74 (2006) (same); *Walls v. State*, 341 Ark. 787, 20 S.W.3d 322 (2000) (same). Because I do not agree with the hasty, atypical procedure utilized by the court in this matter or the disparate treatment of the circuit judge, I must dissent. All lower court judges should be on notice of the new precedent set by this court in today's per curiam order.

KEMP, C.J., joins.