## SMITH *v.* CALLAHAN.

### Opinion delivered January 9, 1928.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—MAJORITY OF LANDOWNERS.—A landowner signing a petition for establishment of municipal improvement district, under Crawford & Moses' Dig., § 5652, was entitled to have the lands to which he had deeds on record at the time the council passed on the petition counted in determining whether the required majority in value of landowners in the district had signed for the improvement.

Appeal from Pulaski Chancery Court; *Frank H. Dodge*, Chancellor; affirmed.

*John P. Streepey*, for appellant.

*Carl E. Bailey*, for appellee.

SMITH, J.   The question presented on this appeal is, whether the petition of property owners contained the signatures of a majority in value of the landowners as required by § 5652, C. & M. Digest, for the establishment of a proposed improvement district.

A number of questions are discussed in the briefs, but it is conceded on both sides that the necessary majority was secured, if all the property standing in the name of Paul R. Grabiel at the time the petition was passed upon by the city council is counted for the improvement, and, as we think it should be counted, we discuss no other question.

Grabiel owned certain lots in the proposed improvement district at the time he signed the second or majority

petition, and, after the petition was filed with the city council, he bought additional lots having a total assessed valuation of $3,380. He received a deed to these additional lots on July 12, 1927, which duly appeared of record when on July 22, 1927, the city council ascertained and declared that the petitioning property owners had the necessary majority.

It was held by the chancellor that all the property owned by Grabiel at the time the petition was acted upon by the council, as evidenced by deeds to him then of record, should be counted for the district, and this finding gave the petitioners the necessary majority, and, upon the appeal from that decree, counsel for appellants say: "There is one name (Grabiel) that appellants contend should have been deducted by the chancellor, and this is, in our opinion, the main and only issue in this appeal."

Section 5652, C. & M. Digest, provides that, within three months after the publication of the ordinance passed, upon the petition of ten or more property owners, pursuant to § 5649, C. & M. Digest, in which the boundaries of the proposed improvement district are designated, a second petition shall be filed for the creation of the improvement district. Section 5652, *supra,* requires that this second petition shall designate the nature of the improvement to be undertaken, and that the cost thereof be assessed and charged upon the real property situated within such district, and requires the city clerk or town recorder to give notice advising the property owners within the district that, on a day therein named, the council will hear the petition and determine whether those signing the petition constitute a majority in value of such owners of real property. In the determination of this fact the statute provides that "the council and the chancery court shall be guided by the record of deeds in the office of the recorder of the county, and shall not consider any unrecorded instrument."

It thus appears that the statute has prescribed the evidence which shall be considered and be determinative of the right of petitioners to sign for the proposed

improvement and the extent to which the signatures shall be counted, this being the assessed valuation of the property owned by the petitioners—all of it—within the limits of the proposed district to which their title is evidenced by a recorded deed at the time the petition is passed upon by the council.

This statute was construed in the cases of *Malvern v. Nunn,* 127 Ark. 418, 192 S. W. 909, and *Walton v. Commissioners of Light Imp. Dist. No. 1 of Benton,* 144 Ark. 249, 222 S. W. 1056.

In the last cited case it was said that a presumption of ownership is to be indulged in favor of persons in possession of or who pay taxes on lands to which they have no title of record, as it had been previously held in the case of *Malvern* v. *Nunn, supra,* that such persons might have title by descent cast, or under a will, and, if so, were eligible to sign, and in the Walton case, *supra,* it was insisted that this presumption was conclusive, but we held that it was only *prima facie* and might be overcome by evidence to the contrary. It was there shown that there were no deeds of record under which certain petitioners might claim title under wills or by descent cast, and the names of such persons were excluded and not counted. It was there stated that many landowners negligently fail to have their deeds recorded, and that this was probably true in that case, but, even so, those persons and their heirs and devisees were excluded by the statute from being counted as qualified signers. The test of the right to sign was there restated in a quotation from the case of *Malvern* v. *Nunn, supra,* as follows: ''Deeds of record in the recorder's office in the county at the time the council passes on the question is the criterion, in so far as the property represented by instruments subject to record is concerned.''

It will be remembered that Grabiel was the owner of property in the proposed district at the time he signed the petition and at the time the petition was filed with the council, and it was not required by the statute that he make a list of the property owned by him in the dis-

trict. The question presented is, therefore, to what extent shall the assessed valuations on property owned by Grabiel be counted for the improvement? The answer to this question, under the cases cited, is, all the lands in that district to which he had a deed of record in the office of the recorder of the county at the time the council passed upon the petition.

The decree of the chancellor accords with this view, and it is therefore affirmed.