James W. POWELL *v.* Wade BISHOP et al

83-20                                                    652 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered June 6, 1983
[Rehearing denied July 5, 1983.]

*Lisle & Watkins,* for appellant.

*William Jackson Butt II* of *Davis, Cox & Wright,* for appellees.

RICHARD B. ADKISSON, Chief Justice. Appellee, Wade Bishop, and other property owners filed a petition to create the Appleby Road Street Improvement District with the city clerk of Fayetteville, Arkansas, pursuant to Ark. Stat. Ann.

§ 20-108 (Supp. 1981). The Fayetteville Planning Commission determined that the proposed improvement district was in keeping with the city's master street plan, and the proposal was then submitted to the Fayetteville Board of Directors. The Board determined that the petition contained the requisite number of signatures of owners of a majority of the assessed value of real property within the proposed district but that the petition excluded certain property which would receive a substantial benefit from the proposed district; therefore, the Board adopted Ordinance No. 2830 denying the petition for creation of the district.

Thirty-five days later appellee petitioned the circuit court for a writ of mandamus, praying that the Fayetteville Board of Directors be required to adopt an ordinance establishing the Appleby Road Street Improvement District in accordance with the original petition to create said district. Shortly thereafter, appellant, James W. Powell, intervened, alleging that he was a property owner within the proposed district whose interests would be adversely affected and that his interest was different from the existing parties.

The Washington County Circuit Court held a hearing on whether the Board properly denied the creation of the district. Attorneys representing appellees, the city, and appellant were all present. The court ruled that the city should have created the proposed district and issued the writ of mandamus. Appellant brought this appeal, alleging that mandamus is not the proper procedure to compel the creation of the district.

We first note that at the hearing before the trial court it was undisputed that mandamus was the proper remedy. Both the trial judge and the attorney for the city orally agreed that mandamus was proper, without objection by appellant. Although appellant objected to mandamus after the hearing, he in effect agreed at the hearing that mandamus was the proper procedure, thereby waiving his right to make an objection at a later time. *See* ARCiv.P Rule 46. Under these circumstances we affirm the trial court's issuance of mandamus, but take this opportunity to correct a widely held misconception that mandamus is a proper

method by which to review a city's decision regarding the creation of an improvement district which arose as a result of our decision in *Little Rock* v. *Boullioun,* 171 Ark. 245, 284 S.W. 745 (1926).

In *Boullioun* the city voted not to annex property to an improvement district and the trial court issued a writ of mandamus to compel the city to do so. This court affirmed the trial court's holding that the city should have annexed the property, but we did not address the issue of whether mandamus was the appropriate remedy since it was not before us. However, we now decide that mandamus is not a proper method to review a city's decision regarding the creation of an improvement district because Ark. Stat. Ann. § 20-108 (Supp. 1981) provides for an adequate remedy by way of an appeal to chancery court. *See Wells* v. *Purcell,* 267 Ark. 456, 592 S.W.2d 100 (1979).

Affirmed.