APPLEBY ROAD STREET IMPROVEMENT DISTRICT
*v.* James W. POWELL et al

84-3                             669 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered May 14, 1984

*Davis, Cox & Wright,* by: *Constance G. Clark* and *William Jackson Butt, II,* for appellant.

*Lisle & Watkins,* by: *Barry J. Watkins,* for appellee.

GEORGE ROSE SMITH, Justice. On October 5, 1982, the Board of Directors of the City of Fayetteville, in compliance with a writ of mandamus issued by the circuit court, adopted an ordinance creating the appellant street improvement

district. See *Powell* v. *Bishop*, 279 Ark. 365, 652 S.W.2d 9 (1983). The appellee Powell, in addition to taking an appeal in that case, also took a separate appeal to the chancery court from the Board's action in creating the district, as permitted by the statute. Ark. Stat. Ann. § 20-108 (Supp. 1983).

One ground for Powell's appeal to the chancery court was his assertion that at the time the Board acted in the matter, the landowners' petition for the formation of the district no longer contained the signatures of the owners of a majority in value of the assessed property in the district, two of the original signers having conveyed their property to others by deeds that were of record. See Section 20-104 (Supp. 1983). The chancellor found Powell's allegations to be true and accordingly held the ordinance creating the district to be invalid. The district's appeal comes to us as presenting an issue of statutory construction. Rule 29 (1) (c).

The appellant does not question the trial court's finding of fact, that the petition lacked a majority of signers at the time the Board acted. The appellant argues, however, that the question whether there was a majority of signers must be determined as of the time the petition was signed, not as of the time the city's governing body acted upon the petition.

We have twice decided this issue contrary to the appellant's contention. *Smith* v. *Callahan*, 175 Ark. 974, 1 S.W.2d 82 (1928); *City of Malvern* v. *Nunn*, 127 Ark. 418, 192 S.W. 909 (1917). The statute considered in those cases was nearly identical to the present one, which provides that the city's governing body "shall be governed by the record of deeds in the office of the Recorder of the county and shall not consider any unrecorded instrument." Section 20-108, *supra*. We reasoned in *Nunn* that since improvement districts are established by proceedings before the city council, it follows "that deeds of record in the recorder's office in the county, at the time the council passes on the question, are the criterion in so far as the property represented by instruments subject to record is concerned." In *Callahan* we quoted and adhered to that language.

The district presents two arguments in its effort to escape the controlling effect of our prior decisions. First, it is said that the statute construed in those cases was repealed by a new statute in 1929, which had the effect of repealing precedents based on the earlier law. That might be correct if the new statute had been materially different from the older one, as was true in the case principally relied upon by the appellant: *Terral* v. *Terral*, 212 Ark. 221, 205 S.W.2d 198 (1947). When, however, a new statute adopts the language of an earlier enactment, it also adopts prior interpretations of that language. *Ark. Public Service Commn.* v. *Allied Tel. Co.*, 274 Ark. 478, 625 S.W.2d 515 (1981). Hence we adhere to the reasoning in *Nunn* and *Callahan*.

Second, it is argued that the earlier case of *Powell* v. *Bishop, supra,* is res judicata as to this issue, because there it was stipulated in the circuit court that "said petition was signed by a majority in assessed value of the property owners . . . within the proposed and designated district." True, but the stipulation made no reference to a majority at the time the Board acted on the petition, for that issue was not even raised in the mandamus proceeding. A question is concluded by a prior decision only if it was necessarily within the issues presented and thus might have been litigated in the earlier action. *Hurst* v. *Hurst*, 255 Ark. 936, 504 S.W.2d 360 (1974); *Ark. State Highway Commn.* v. *Staples*, 239 Ark. 290, 389 S.W.2d 432 (1965). The only issue in the mandamus case was whether property that would be equally benefited by the improvement had been left out of the district. Hence the doctrine of res judicata is not applicable.

Affirmed.