MANILA SCHOOL DISTRICT NO. 15 *v.* Charolette WAGNER,
Jimmy White, Harold Lee Evans, E.A. Shaneyfelt

03-755                                                    159 S.W.3d 285

Supreme Court of Arkansas
Opinion delivered April 15, 2004

22

*Mike Gibson*; and *W. Paul Blume*, for petitioner.

*W. Hunter Williams*, for respondent Charolette Wagner.

*Bearden Law Firm*, by: *Mike Bearden*, for respondents Jimmy White, Harold Lee Evans, E.A. Shaneyfelt.

DONALD L. CORBIN, Justice. This case involves the propriety of an *ex parte* order of injunction issued by the Mississippi County Circuit Court prohibiting Manila School District No. 15 from hiring a new superintendent until resolution of the lawsuit brought by the former superintendent, Charolette Wagner. The injunction was the second issued by the trial court against the District. The first was granted on Wagner's motion, and it, too, prohibited the District from hiring a replacement for Wagner. The District filed an interlocutory appeal, and we reversed the trial court's order and remanded with instruction to dissolve the injunction. *See Manila Sch. Dist. No. 15 v. Wagner*, 356 Ark. 149, 148 S.W.3d 244 (2004) (*Manila I*). On March 5, 2004, before the mandate in that appeal had been issued, the trial court issued the second injunction, which was granted on behalf of Jimmy White, Harold Lee Evans, and E.A. Shaneyfelt (collectively "Intervenors"), three taxpayers who

were permitted to intervene in the suit brought by Wagner against the District. The trial court set a hearing on the injunction for March 8, 2004.

Also on March 5, 2004, the District filed a petition in this court asking us to stay any further proceedings on the *ex parte* injunction. The District asserted that the trial court was acting improperly by issuing a second injunction based on what the District believed were the same grounds used to justify the first injunction, which were ultimately rejected by this court. The District also asked this court to remove the trial judge, the Honorable Victor Hill, from the case, alleging that Judge Hill was biased against the District. Finally, the District asked that its petition be heard on an expedited basis.

On March 8, 2004, we granted the District's motion to stay the hearing set for that date. We subsequently issued an order on March 11, 2004, granting the District's motion to stay further proceedings on the injunction and the motion to expedite. *See Manila Sch. Dist. No. 15 v. Wagner*, 356 Ark. 421, 155 S.W.3d 1 (2004) (*per curiam*). Additionally, we directed the parties to submit simultaneous briefs addressing three issues: (1) whether Intervenors have standing to seek an injunction; (2) whether the irreparable harm referred to in the second order of injunction is the same as that relied upon to issue the first injunction; and (3) whether this court may, at this stage of the proceedings, act on the motion to remove Judge Hill from the case.

Prior to our March 11 order and unbeknownst to us, the trial court entered an order on March 9 dissolving the injunction over the objection of Intervenors.[1] The order indicates that the *ex parte* order of injunction was entered for the purpose of maintaining the status quo until the court could fully consider Intervenors' position. Upon further consideration, the trial court concluded that an injunction was improper under the circumstances, as the conduct that Intervenors sought to proscribe was merely imprudent, not unlawful.

Notwithstanding that the injunction had already been dissolved, the District and Wagner timely filed their briefs with this court on March 18. Intervenors, however, elected not to file a brief. Instead, they sent a letter, dated March 15, 2004, to this

---

[1] We were not made aware of the trial court's order dissolving the injunction until March 18, 2004, when Wagner included a copy of the trial court's order in her brief.

court's clerk indicating that they had decided not to pursue the injunction any further. They then asserted that the issues set out in our order were now moot.[2] We subsequently directed Intervenors to file a brief on or before April 5, 2004, as previously ordered. *See Manila Sch. Dist. No. 15 v. Wagner*, 356 Ark. 505, 157 S.W.3d 529 (2004) (*per curiam*). We also ordered the attorneys for all parties to appear before this court for oral argument on April 8, 2004.

■■ Before we may address the merits of the three issues that we asked the parties to brief, we must first determine whether the issues pertaining to the *ex parte* order of injunction are moot, given that the trial court has since dissolved the injunction. A case or an issue becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001); *Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001). Ordinarily, this court will not review issues that are moot. *Id.* The only exceptions are (1) where the issues involved are capable of repetition, yet evade review; and (2) where the issues raise considerations of public interest or when addressing them will prevent future litigation. *Cotten*, 346 Ark. 130, 55 S.W.3d 290; *Forrest Constr.*, 345 Ark. 1, 43 S.W.3d 140; *Stair v. Phillips*, 315 Ark. 429, 867 S.W.2d 453 (1993).

■ The only possible exception in this case would be the prevention of future litigation. However, given the fact that the trial court *sua sponte* dissolved the injunction and given that Intervenors have taken the position that they will not seek the injunction any further, that exception does not apply. Accordingly, the two issues pertaining to the *ex parte* injunction are moot.

The remaining issue that we asked the parties to brief is whether this court may, at this stage of the proceedings, remove Judge Hill, based on the District's claim that he is biased against it. Ordinarily, this court does not consider the removal or recusal of a trial judge in the middle of a case. The District acknowledges this fact, but it asserts that this case is not the ordinary, run-of-the-mill recusal case. We disagree with this assertion, as the grounds relied on by the District demonstrate otherwise.

---

[2] Intervenors' letter, dated March 15, 2004, made no mention of the trial court's March 9 order dissolving the injunction issued on their behalf.

Specifically, the District takes issue with some of the trial judge's statements, to the effect that he is "inherently suspicious of government" and that he believes that if a qualified person applies for employment with a governmental entity, "*she* should have it," and "if it's not afforded to *her*, then I think the governmental entity has an obligation to explain it." (Emphasis added.) The District asserts that these statements show that the trial judge has wrongly shifted the burden of proof to the District, although the suit was initiated by Wagner. The District also argues that Judge Hill acted as an advocate for Wagner when he *sua sponte* advised her to add constitutional claims to her complaint. It argues further that Judge Hill demonstrated his bias by refusing to set a hearing in a timely manner, following the issuance of the *ex parte* order of injunction on behalf of Wagner. In short, the District claims that it cannot get a fair trial from Judge Hill.

Not surprisingly, both Wagner and the Intervenors dispute these allegations. They claim that Judge Hill's statements are taken out of context; that it was not the judge, but counsel for the Intervenors, who suggested that Wagner amend her complaint to include constitutional claims; and that the delay in setting a hearing on Wagner's injunction was partly due to the fact that the District's attorneys were not able to appear on certain dates.

■ Regardless of whether we may ultimately determine that these facts demonstrate the trial judge's bias against the District, we conclude that this issue may not be heard at this stage of the proceedings. The District's argument on this point amounts to nothing more than an appeal from the trial court's denial of its motion to recuse. This court lacks jurisdiction to hear such an appeal at this time, because Ark. R. App. P.—Civ. 2 does not authorize an interlocutory appeal from the denial of a motion to recuse. The question then is whether this court may hear the issue via one of the three extraordinary writs of prohibition, mandamus, or certiorari. We examine each of these writs separately.

■ Prohibition is an extraordinary writ that is appropriate only when the trial court is wholly without jurisdiction. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* However, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.*

■■ A writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* A writ of certiorari is appropriate only when it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion by the trial judge, and there is no other adequate remedy. *Id*; *Ballard v. Clark County Circuit Court,* 347 Ark. 291, 61 S.W.3d 178 (2001) (*per curiam*). Certiorari will not be used to look beyond the face of the record to ascertain the actual merits of the controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Id.*

■■ Finally, the purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Arkansas Democrat-Gazette v. Zimmerman,* 341 Ark. 771, 20 S.W.3d 301 (2000). A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Id.* When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* However, a writ of mandamus will not lie to control or review matters of discretion. *Id.*

■ As can be seen, each of these three extraordinary writs are not available when (1) there is another adequate remedy, such as an appeal, and (2) the challenged decision is one within the discretion of the trial court. This court has recently reiterated the standard for recusal or disqualification by the trial judge:

> A trial judge has a duty not to recuse from a case where no prejudice exists. Thus, if there is no valid reason for the judge to disqualify himself or herself, he or she has a duty to remain on a case. There is a presumption that judges are impartial. The person seeking disqualification bears the burden of proving otherwise. *The trial judge's decision not to recuse from a case is a discretionary one* and will not be reversed on appeal absent an abuse of that discretion. An abuse of discretion can be shown by proving bias or prejudice on the part of the trial judge. To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. It is the appellant's burden to demonstrate such bias or prejudice.

*Owens v. State,* 354 Ark. 644, 654–55, 128 S.W.3d 445, 451–52 (2003) (citations omitted) (emphasis added). Clearly, the decision of recusal is

a discretionary one; as such, neither prohibition, mandamus, or certiorari will lie. Moreover, the District has an adequate remedy, namely an appeal, to challenge the trial court's denial of its motion to recuse. Accordingly, we conclude that the issue of the trial judge's alleged bias is not properly before us at this time.

In sum, we conclude that the first two issues, pertaining to Intervenors' standing to seek an injunction and the irreparable harm upon which the injunction relied, are now moot, as the injunction has already been dissolved *sua sponte* by the trial court. We also conclude that the District's motion to remove Judge Hill is not cognizable at this stage of the proceedings. We thus deny the District's motion for removal at this time, though the District is free to pursue this argument on appeal.

Petition to dissolve injunction moot; petition for removal of trial judge denied.