
# SUPREME COURT OF ARKANSAS

**No.** CV–16–313

| | |
|---|---|
| CITY OF NORTH LITTLE ROCK; MAYOR JOE SMITH; ALDERMAN DEBI ROSS; ALDERMAN BETH WHITE; ALDERMAN LINDA ROBINSON; ALDERMAN MAURICE TAYLOR; ALDERMAN STEVE BAXTER; ALDERMAN BRUCE FOUTCH; ALDERMAN MURRY WITCHER; AND ALDERMAN CHARLIE HIGHT IN THEIR OFFICIAL CAPACITIES <br> APPELLANTS <br><br> V. <br><br> EUGENE M. PFEIFER III AND PFEIFER FAMILY LIMITED PARTNERSHIP #1 <br> APPELLEES | **Opinion Delivered:** April 6, 2017 <br><br><br> APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-15-4996] <br><br> HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE <br><br><br><br> <u>AFFIRMED AS MODIFIED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellants, City of North Little Rock; Mayor Joe Smith; Alderman Debi Ross; Alderman Beth White; Alderman Linda Robinson; Alderman Maurice Taylor; Alderman Steve Baxter; Alderman Bruce Foutch; Alderman Murry Witcher; and Alderman Charlie Hight ("the City"), in their official capacities, appeal an order of the Pulaski County Circuit Court granting a writ of mandamus filed by Eugene M. Pfeifer III and the Pfeifer Family Limited Partnership #1 ("Pfeifer"). For reversal, the City challenges the subject–matter jurisdiction of the circuit court and contends that the circuit court abused its discretion in granting the writ of mandamus. We affirm the circuit court's ruling as modified.

SLIP OPINION

I. *Facts*

On May 12, 2015, Pfeifer petitioned the City to create Northshore Lane Multipurpose Municipal Improvement District No. 36 and claimed to be a majority owner in the assessed value of the property within the district. Pfeifer estimated his land's value as $17,300 while the proposed district's total assessed value was $28,990. Also, included in the proposed improvement district were two properties owned by the City. These two properties assessed for $530 and $8200. The City petitioned the Pulaski County Board of Equalization ("the Board") to reassess the properties after Pfeifer's petition had been filed. Subsequently, on June 22, 2015, the City held a public hearing on Pfeifer's petition. At that time, the City did not vote on the petition or establish the district by ordinance.

On August 13, 2015, the City's attorney appeared before the Board, explained the uses of its properties within the proposed district, and requested a reassessment. The Board then raised the assessed value of the City's larger parcel from $530 to $82,850 and lowered the assessment of its smaller parcel from $8200 to $8196. Based on the Board's updated calculations, the assessed value of the land within the district totaled $111,306 with the assessed value of the City's land noted as $91,046. On November 23, 2015, the City's attorney sent a letter to the mayor and the aldermen opining that Pfeifer's petition did not contain the requisite signatures from a majority of owners, as required by law, and that the City was the majority owner of the land within the proposed improvement district. That same day, the city council met and voted seven to one against Pfeifer's petition.

On October 15, 2015, before the city council's vote, Pfeifer filed a complaint and petition for writ of mandamus requesting the circuit court to order the City to enact an



ordinance to establish the proposed improvement district. Pfeifer requested a hearing and submitted subpoenas for the mayor and the aldermen to appear. Pfeifer later amended his complaint to include an appeal of the city council's decision. The City answered the original complaint, pleading affirmative defenses, and filed a motion to quash the subpoenas.

On December 10, 2015, the circuit court conducted a hearing on the matter and heard arguments from counsel. On December 23, 2015, the circuit court granted the petition for writ of mandamus and ordered the city council to make a finding that the petition was signed by a majority in assessed value of the property owners; establish the district by ordinance; designate the boundaries and object of the proposed improvement as described in the petition; provide a name and number for the district; publish notice of the ordinance as required by law; appoint commissioners; and take necessary steps to establish the district. The court also ruled that the writ of mandamus mooted the conditional appeal pleaded in Pfeifer's amended complaint. The City then timely filed its notice of appeal.

## II. *Subject-Matter Jurisdiction*

As an initial matter, the City raises several subject-matter-jurisdiction challenges to the circuit court's grant of Pfeifer's petition for writ of mandamus and order to compel the city council to establish the improvement district by ordinance. Specifically, the City contends that the circuit court lacked subject-matter jurisdiction because (1) it did not have the power to grant the relief requested; (2) a justiciable controversy did not exist, and the matter was moot; (3) Pfeifer failed to exhaust his administrative remedies; and (4) Pfeifer had an adequate remedy by appeal. The City asserts that because the circuit court lacked subject-matter jurisdiction, this court also lacks subject-matter jurisdiction to hear the instant

appeal. If the circuit court lacked subject-matter jurisdiction, this court also lacks subject-matter jurisdiction. *Barrows v. City of Fort Smith*, 2010 Ark. 73, 360 S.W.3d 117; *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997).

In support of its position, the City cites *Powell v. Bishop*, 279 Ark. 365, 652 S.W.2d 9 (1983), for the proposition that mandamus is not a proper method to review a city's decision on whether to create an improvement district. However, the City's argument ignores the fact that mandamus is allowed pursuant to Arkansas statute. Arkansas Code Annotated section 14-88-101 (Repl. 1998) allows for mandamus in an improvement-district action. Section 14-88-101 states that "[a]ny duty required to be performed by this act may, at any time, be enforced by mandamus at the suit of any person or board interested in it." In this instance, Pfeifer, in his amended complaint, sought mandamus and requested the circuit court to compel the City to follow the proper statutory scheme set forth in Arkansas Code Annotated section 14-88-207 (Repl. 1998). Thus, we conclude that, pursuant to section 14-88-101, the circuit court had subject-matter jurisdiction to hear Pfeifer's petition for writ of mandamus.

### III. *Writ of Mandamus*

Next, the City contends that the circuit court abused its discretion by issuing a writ of mandamus because the city council's decision was legislative, Pfeifer did not show a clear and certain right to relief via mandamus, and Pfeifer had an adequate remedy by appeal.

This court has stated that the purpose of a writ of mandamus in a civil or a criminal case is to enforce an established right or to enforce the performance of a duty. *Smith v. Fox*, 358 Ark. 388, 193 S.W.3d 238 (2004). When requesting a writ of mandamus, a petitioner

must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004). The standard of review in granting or denying a petition for writ of mandamus is whether the circuit court abused its discretion. *See Dobbins v. Democratic Party of Ark.*, 374 Ark. 496, 288 S.W.3d 639 (2008). A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious. *Ortho-McNeil-Janssen Pharms., Inc. v. State*, 2014 Ark. 124 432 S.W.3d 563.

With this precedent in mind, we turn to the applicable statute. Section 14-88-207, which concerns the findings of municipal governing bodies, states,

> (a)(1) At the time named in the notice, the municipal governing body shall meet and hear all owners of real property within the proposed district who desire to be heard on the question as to whether a majority in assessed value of the property owners has signed the petition and shall make a finding as to whether the petition is signed by a majority in assessed value of the property owners.
> (2)(A) The finding of the governing body shall be expressed in an ordinance.
> (B)(i) If it finds that a majority has signed the petition, it shall then be the duty of the governing body, by the same ordinance, to establish the district.
> (ii)(a) The ordinance shall designate the boundaries of the district and the object of the proposed improvement as described in the petition.

We review issues involving statutory interpretation de novo on appeal. *Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Berryhill v. Synatzske*, 2014 Ark. 169, 432 S.W.3d 637. We construe statutes so that, if possible, every word is given meaning and effect. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335. When a statute is clear, it

SLIP OPINION

is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002).

Based on our de novo review of section 14-88-207, the statute plainly states that the municipal governing body "shall make a finding as to whether the petition is signed by a majority in assessed value of the property owners" and that finding "shall be expressed in an ordinance." Ark. Code Ann. § 14-88-207(a)(1), (2)(A). The statute contains the word "shall," which we have interpreted to mean that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurd result. *See Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). Here, the city council failed to perform its duty in making the requisite findings pursuant to section 14-88-207. Thus, we hold that the circuit court did not abuse its discretion in granting Pfeifer's petition for writ of mandamus. *See* Ark. Code Ann. § 14-88-101.

We note, however, that the circuit court also ordered the city council to perform seven tasks pursuant to the statutory scheme provided in section 14-88-207. Section 14-88-207(a)(2)(A) requires the City to pass an ordinance that makes specific findings, but here, the circuit court went too far by specifying the findings that the City was to make. While we affirm the circuit court's grant of Pfeifer's petition for writ of mandamus, we modify the circuit court's order to provide that mandamus is granted here only to require the city council to make specific findings pursuant to section 14-88-207(a) and any other relevant statutes.

Affirmed as modified.

HART, J., concurs in part; dissents in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.**

I agree that the circuit court had subject-matter jurisdiction to enter a writ of mandamus. Arkansas Code Annotated section 16-115-102 unequivocally states:

> The circuit court shall have power to hear and determine petitions for the writ of mandamus and writ of prohibition and to issue such writ of mandamus and writ of prohibition to all inferior courts, tribunals, and officers in its respective jurisdiction.

The real issue is whether the circuit court *should* have issued a writ of mandamus. In my view, it was error.

In *Young v. Smith*, this court stated:

> The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside.

331 Ark. 525, 964 S.W.2d 784 (1998) (quoting *Banning v. State*, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987)). In the case before us, the circuit court had the power to issue a writ of mandamus, it just exercised that power incorrectly.

In *Manila School District No. 15 v. Wagner*, this court succinctly described our jurisprudence regarding the issuance of a writ of mandamus:

> [T]he purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. A writ of mandamus is issued by this court only to compel an official or judge to take some action. When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of

any other adequate remedy. However, a writ of mandamus will not lie to control or review matters of discretion.

357 Ark. 20, 159 S.W.3d 285 (2004) (internal citations omitted). In the case before us, issuing a writ of mandamus was incorrect because Mr. Pfiefer had an adequate remedy at law—indeed the record indicates that he perfected his appeal to circuit court—and the writ was used to control a matter of discretion, i.e., a decision of the North Little Rock City Council acting in its legislative capacity. Issuance of the writ of mandamus is appropriate only where the duty to be compelled is ministerial and not discretionary. *Russell v. Pope*, 2015 Ark. 199, 461 S.W.3d 681.

The right of appeal is clearly stated in Arkansas Code Annotated section 14-88-207(c), which provides:

> (c) The findings of the governing body shall be conclusive unless attacked by a suit in the chancery court of the county, brought within thirty (30) days after the publication.

Lest there be any doubt, this court underscored this fact in *Powell v. Bishop*, 279 Ark. 365, 652 S.W.2d 9 (1983), when it entertained an appeal from the denial of a writ of mandamus under what is now section 14-88-207:

> However, we now decide that mandamus is not a proper method to review a city's decision regarding the creation of an improvement district because Ark. Stat. Ann. § 20–108 (Supp. 1981) provides for an adequate remedy by way of an appeal to chancery court.

*Powell*, 279 Ark. at 367, 652 S.W. at 10. Accordingly, the circuit court—and this court—should have rejected Mr. Pfiefer's petition for a writ of mandamus. I am mindful that Arkansas Code Annotated section 14-88-101 provides that for enforcement by mandamus: "any duty required to be performed by this act may, at any time, be enforced by mandamus

at the suit of any person or board interested in it." However, this statute cannot supplant our rules of practice and procedure that specify that a writ of mandamus will not be issued when there is an adequate remedy of appeal.

Finally, I am aware that section 14-88-207(a)(2) requires that the decision of the North Little Rock City Council, either approving or disapproving a petition to establish a municipal improvement district, be memorialized in a particular way. It states, "The finding of the governing body shall be expressed in an ordinance." I do not dispute that the North Little Rock City Council did not memorialize its rejection of Mr. Pfeifer's petition in an ordinance. Nonetheless, in this case, I contend that it is of no moment.

An appeal of the City Council's decision is governed by Rule 9 of the Arkansas District Court Rules. Rule 9 does not require an ordinance denying or granting the petition, but merely by filing a notice of appeal. Ark. Dist. Ct. R. 9(f). Therefore, for the purpose of perfecting an appeal in circuit court, the ordinance would be superfluous. While it might be argued that a writ of mandamus could be issued to compel the North Little Rock City Council to memorialize its decision in an ordinance, it is so well settled as to be axiomatic that the law does not require such a vain and useless act. *See Dep't of Finance & Admin. v. Staton*, 325 Ark. 341, 942 S.W.2d 804 (1996); *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979); *Tri-State Ins. Co. v. Smith*, 248 Ark. 71, 449 S.W.2d 698 (1970); *Leggett v. Kirby*, 231 Ark. 576, 331 S.W.2d 267 (1960).

I therefore respectfully dissent.

*C. Jason Carter*, City Att'y, by: *Marie-Bernarde Miller*, Deputy City Att'y, for appellants.

*Quattlebaum, Grooms & Tull PLLC*, by: *John E. Tull III*, and *Joseph R. Falasco*, for appellees.