Josephine Linker Hart, Justice, concurring in part and dissenting in part. |7I agree that the circuit court had subject-matter jurisdiction to enter a writ of mandamus. Arkansas Code Annotated section 16-115-102 unequivocally states: The circuit court shall have power to hear and determine petitions for the writ of mandamus and writ of prohibition and to issue such writ of mandamus and writ of prohibition to all inferior courts, tribunals, and officers in its respective jurisdiction. The real issue is whether the circuit court should have issued a writ of mandamus. In my view, it was error. In Young v. Smith, this court stated: The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court’s jurisdiction to act upon the subject matter, that action is binding until reversed or set aside. 331 Ark. 525, 964 S.W.2d 784 (1998) (quoting Banning v. State, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987)). In the case before us, the circuit court had the power to issue a writ of mandamus, it just exercised that power incorrectly. In Manila School District No. 15 v. Wagner, this court succinctly described our jurisprudence regarding the issuance of a writ of mandamus: [T]he purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. A writ of mandamus is issued by this court only to compel an official or judge to take some action. When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of |sany other adequate remedy. However, a writ of mandamus will not lie to control or review matters of discretion. 357 Ark. 20, 159 S.W.3d 285 (2004) (internal citations omitted). In the case before us, issuing a writ of mandamus was incorrect because Mr. Pfíefer had an adequate remedy at law—indeed the record indicates that he perfected his appeal to circuit court—and the writ was used to control a matter of discretion, i.e., a decision of the North Little Rock City Council acting in its legislative capacity. Issuance of the writ of mandamus is appropriate only where the duty to be compelled is ministerial and not discretionary. Russell v. Pope, 2015 Ark. 199, 461 S.W.3d 681. The right of appeal is clearly stated in Arkansas Code Annotated section 14-88-207(c), which provides: (c) The findings of the governing body shall be conclusive unless attacked by a suit in the chancery court of the county, brought within thirty (30) days after the publication. Lest there be any doubt, this court underscored this fact in Powell v. Bishop, 279 Ark. 365, 652 S.W.2d 9 (1983), when it entertained an appeal from the denial of a writ of mandamus under what is now section 14-88-207: However, we now decide that mandamus is not a proper method to review a city’s decision regarding the creation of an improvement district because Ark. Stat. Ann. § 20-108 (Supp. 1981) provides for an adequate remedy by way of an appeal to chancery court. Powell, 279 Ark. at 367, 652 S.W.2d at 10. Accordingly, the circuit court—and this court—should have rejected Mr. Pfiefer’s petition for a writ of mandamus. I am mindful that Arkansas Code Annotated section 14-88-101 provides that for enforcement by mandamus: “any duty required to be performed by this act may, at any time, be enforced by mandamus |9at the suit of any person or board interested in it.” However, this statute cannot supplant our rules of practice and procedure that specify that a writ of mandamus will not be issued when there is an adequate remedy of appeal. Finally, I am aware that section 14-88-207(a)(2) requires that the decision of the North Little Rock City Council, either approving or disapproving a petition to establish a municipal improvement district, be memorialized in a particular way. It states, “The finding of the governing body shall be expressed in an ordinance.” I do not dispute that the North Little Rock City Council did not memorialize its rejection of Mr. Pfeifer’s petition in an ordinance. Nonetheless, in this case, I contend that it is of no moment. An appeal of the City Council’s decision is governed by Rule 9 of the Arkansas District Court Rules. Rule 9 does not require an ordinance denying or granting the petition, but merely by filing a notice of appeal. Ark. Dist. Ct. R. 9(f). Therefore, for the purpose of perfecting an appeal in circuit court, the ordinance would be superfluous. While it might be argued that a writ of mandamus could be issued to compel the North Little Rock City Council to memorialize its decision in an ordinance, it is so well settled as to be axiomatic that the law does not require such a vain and useless act. See Dep’t of Finance & Admin. v. Staton, 325 Ark. 341, 942 S.W.2d 804 (1996); Pender v. McKee, 266 Ark. 18, 582 S.W.2d 929 (1979); Tri-State Ins. Co. v. Smith, 248 Ark. 71, 449 S.W.2d 698 (1970); Leggett v. Kirby, 231 Ark. 576, 331 S.W.2d 267 (1960). I therefore respectfully dissent.