Cite as 2022 Ark. 144

# SUPREME COURT OF ARKANSAS
No. CV-21-605

| | |
|---|---|
| CHRIS P. CORBITT, ESQ. | **Opinion Delivered:** June 23, 2022 |
| APPELLANT | APPEAL FROM THE PULASKI |
| V. | COUNTY CIRCUIT COURT [NO. 60CV-21-4852] |
| CITY OF LITTLE ROCK; FRANK SCOTT, JR., IN HIS OFFICIAL CAPACITY AS LITTLE ROCK MAYOR; AND BRUCE MOORE, IN HIS OFFICIAL CAPACITY AS LITTLE ROCK CITY MANAGER | HONORABLE MORGAN E. WELCH, JUDGE |
| | AFFIRMED. |
| APPELLEES | |

**JOHN DAN KEMP, Chief Justice**

Appellant Chris Corbitt appeals a Pulaski County Circuit Court order denying his petition for writ of mandamus against the City of Little Rock; Frank Scott, Jr., in his official capacity as Little Rock Mayor; and Bruce Moore, in his official capacity as Little Rock City Manager (collectively the "City"). For reversal, Corbitt argues that the circuit court erred in refusing to enforce certain statutes that, he claims, allow enhanced-concealed-carry licensees to enter Little Rock's City Hall with a firearm. We affirm.

I. *Facts*

On August 9, 2021, Corbitt filed suit for declaratory judgment, injunctive relief, and a writ of mandamus in the Pulaski County Circuit Court. He argued that Act 1024 of 2021 "affords holders of an Enhanced Concealed Carry License the right to carry a concealed weapon in municipal buildings." Several weeks later, Corbitt filed a petition for writ of

mandamus "seeking to enforce the laws that allow Enhanced Concealed Carry Licensees to enter the municipal City Hall building in Little Rock, Arkansas." On September 3, the City filed a motion to dismiss the petition for writ of mandamus. In its motion, the City challenged the constitutionality of Act 1024 and argued that mandamus was premature because multiple issues remained to be litigated.

On September 13, the circuit court denied the petition for writ of mandamus and concluded that

> there is NO SHOWING of "a clear and certain right to the relief sought" as to the issue of Mandamus ONLY. Plaintiff is not seeking Preliminary Injunctive Relief, and this fact, coupled with his remaining multiple pending remedies to be addressed at trial in the future, illustrates there is NO SHOWING of "the absence of any other adequate remedy" as required by *Manila Sch. Dist. No. 15 v. Wagner*, [357 Ark. 20, 159 S.W.3d 285 (2004)].

Corbitt filed a timely notice of appeal and stated that he has "abandon[ed] all pending but unresolved claims at the trial level, although there are none." This appeal followed.

## II. *Writ of Mandamus*

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, at 4, 515 S.W.3d 593, 596. When requesting a writ of mandamus, the petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *T.J. ex rel. Johnson v. Hargrove*, 362 Ark. 649, 655, 210 S.W.3d 79, 82 (2005). The standard of review is whether the circuit court abused its discretion in granting or denying a petition for writ of mandamus. *Pfeifer*, 2017 Ark. 113, at 5, 515 S.W.3d at 596. A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious. *Id.*, 515 S.W.3d at 596.

2

This court has held that when a circuit court's decision is based on more than one independent ground, and an appellant challenges only one of those grounds on appeal, the appellate court will affirm without addressing any of those grounds. *See Jones v. Miller*, 2017 Ark. 190, at 5, 520 S.W.3d 253, 256. Our caselaw is clear that a petitioner requesting a writ of mandamus must show a clear and certain right to the relief sought *and* the absence of any other adequate remedy. *See T.J. ex rel. Johnson*, 362 Ark. at 655, 210 S.W.3d at 82. We have also stated that we will not make an appellant's argument for him. *Teris, LLC v. Chandler*, 375 Ark. 70, 86, 289 S.W.3d 63, 75 (2008).

Here, in denying Corbitt's petition for writ of mandamus, the circuit court found that Corbitt failed to show (1) a clear and certain right to the relief sought and (2) the absence of any other adequate remedy. In his argument on appeal, however, Corbitt argues only that a plain reading of certain statutes makes clear and certain the right of enhanced-concealed-carry licensees to carry a firearm in Little Rock's City Hall. Corbitt does not challenge the circuit court's finding that "there is NO SHOWING of 'the absence of any other adequate remedy[.]'" Because Corbitt has failed to make any argument for reversal on the "other adequate remedy" finding, he cannot demonstrate that the circuit court abused its discretion in denying his mandamus petition. Therefore, we affirm.

Affirmed.

WOMACK, J., concurs.

**SHAWN A. WOMACK, Justice, concurring.** I write separately to emphasize that today's opinion only affirms the circuit court because of a procedural deficiency. Because that deficiency is fatal to the appeal, this court's majority opinion is neither considering nor

opining on the merits of the Enhanced Concealed Carry License Statute or the City of Little Rock's policy related thereto.

As the State's preeminent public policymaker, the General Assembly allowed Enhanced Concealed Carry License holders to carry concealed handguns in municipal buildings. Ark. Code Ann. § 5-73-322(h)(1). Yet the City of Little Rock ignored this clearly established right and implemented a policy that appears to violate state law. Arkansans should not have to wait for this court to decide when their clearly established rights vest. *See City of Lowell v. M&N Mobile Home Park, Inc.*, 323 Ark. 332, 336, 916 S.W.2d 95, 97 (1996) (holding that, "[w]ithin constitutional limits, the legislative branch is the sole judge of the laws that should be enacted for the protection and welfare of the people and when and how the police power of the State is to be exercised").

Finally, I note that cities are creatures of statute. Rather than originating from the state constitution with defined rights, powers, and duties, cities are created by the power of the legislature and are subject to its controls, limitations, and policies.

I respectfully concur.

*Corbitt Law Firm, PLLC*, by: *Robert Steinbuch*, for appellant.

*Thomas M. Carpenter*, Office of the City Attorney, for appellees.